ROBERT C. GREGORY *v.* CITY OF MEMPHIS *et al.**

(*Nashville.*   December Term, 1927.)

Opinion filed May 26, 1928.

1. ATTORNEY.  PRIVILEGE.  LEGISLATIVE INTENT.

It was the legislative intent, in the passage of the act regulating
the admission to practice law, to make the practice of law in any
of the courts in this State a privilege, which it had authority to
do.   (Post, p. 69.)

Citing: Shannon's Code (1917 Ed.), sec. 5772; 6 C. J. 569.

2. MUNICIPAL  COURT.   CORPORATION  COURT.   JUDICIAL
SYSTEM.

The Corporation Court provided for in the constitution of the judi-
cial system of the State refers to a municipal corporation, and
such a court is a part of the judicial system of the State in the
same sense that a municipality is an arm of the State.   (Post,
p. 69.)

Citing: Constitution of State, Art. 6, sec. 1; Jackson v. Nimmo, 71
Tenn. (3 Lea), 600.

---

*Headnote 1. ———; 2. Attorney and Client, 6 C. J., section 11;
3. Attorney and Client, 6 C. J., section 30.

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.—
HON. M. C. KETCHUM, Chancellor.

ROBERT C. GREGORY, for complainant.

WALTER CHANDLER, for defendant.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

By the bill filed in this cause the complainant seeks to enjoin the officials of the City of Memphis from interfering with him in representing parties before the City Court as attorney, notwithstanding he has not been licensed to practice law.

Section 5772 of Shannon's Code is as follows:

*(1)* ''No person shall practice as an attorney or counsel in any of the courts of this State without a license obtained for that purpose, and without first having taken an oath, in open court, to support the constitution of the State and of the United States, and to truly and honestly demean himself in the practice of his profession to the best of his skill and abilities.''

Complainant, emphasizing the preposition ''of,'' insists that the statute prohibits practicing law in the courts ''of'' this State as distinguished from the courts ''in'' this State, contending that the City Court of Memphis is not one of the courts ''of'' the State.

The prepositions ''of'' and ''in'' are frequently used synonymously. Words and Phrases (First Series), Vol. 6, p. 4912.

The legislature, in our opinion, intended to make the practice of law in any of the courts in this State a privilege, which it had authority to do. 6 C. J., 569.

*(2)* Article 6, section 1, of the Constitution of Tennessee is in this language:

''The judicial power of this State shall be vested in one Supreme Court, and in such circuit, chancery and

other inferior courts as the legislature shall from time to time, ordain and establish; in the judges thereof, and in justices of the peace. The legislature may also vest such jurisdiction in corporation courts as may be deemed necessary. Courts to be holden by justices of the peace may also be established.''

This system of courts constitutes the judicial department of the State. *Jackson* v. *Nimmo,* 71 Tenn., 600.

The corporation court, provided for in the constitution as a part of the judicial system of the State, refers to a municipal corporation, and a similar provision for such courts was contained in the Constitution of 1834.

The complainant seems to have overlooked the fact that a municipal court is a part of the judicial system of the State, and that the municipality of Memphis is an arm of the State.

Affirmed.