## American Surety Company's Case.

Argued October 1, 1935. Before FRAZER, C. J., KEP-HART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Charles A. Tuit,* for appellant.

*Linn Voorhees Phillips,* for appellee.

PER CURIAM, October 17, 1935:

Frances Keirsted was appointed collector of state, county and poor taxes by the Commissioners of Fayette County in eight wards comprising the City of Uniontown, a city of the third class, for the years 1933 and 1934. She qualified for that office and executed a bond

with the American Surety Company as surety, conditioned for the faithful performance of her duties as tax collector. The surety,—averring that it was "advised by the Commissioners of Fayette County that there is a discrepancy existing in the collection of tax for the year 1933 in the sum of $42,642.70 . . . and . . . that the petitioner became responsible for the collection of the said outstanding balance which the county maintains is due"; that "it is advised upon investigation that there is an outstanding amount of $21,302.35, being discrepancies between the returns and the payment of real estate taxes which was returned by Frances Keirsted as being unpaid"; that "there are other various miscellaneous items outstanding in the sum of $21,340.35 for the year 1933"; and that no returns have been made for the year 1934, the collector being in default in making collections for that year,—presented its petition under the Act of April 23, 1929, P. L. 634, to the Court of Common Pleas of Fayette County and prayed for an order directing the tax collector to turn over to it the county duplicates in her possession for the years 1933 and 1934, the tax collector having previously refused on demand to surrender them to the surety. The pertinent parts of the Act of 1929 read:

"Section 1. . . . That hereafter when any tax collector of any borough, city, township, or any school district in this Commonwealth shall default in the payment of the taxes charged on the duplicate, either by embezzlement, negligence, or failure to collect such taxes within the time prescribed . . ., it shall be lawful for the surety . . . of such tax collector to demand from the . . . collector the tax duplicates . . . and the tax collector shall turn over to his . . . sureties such duplicates . . .

"Section 2. If the . . . collector shall fail, neglect, or refuse to turn over such duplicates, upon demand . . ., it shall be lawful for the . . . surety to . . . petition the court of common pleas . . . and the court

. . . shall order . . . the . . . tax collector to turn over to his . . . sureties such tax duplicates . . ."

The petition of the sureties, not in the precise language of the act, contains sufficient averments upon which the court under the act might proceed. The real objection of the tax collector was to the jurisdiction of the court. That question was raised by her under the Act of March 5, 1925, P. L. 23. She contended that as collector of county, state and poor taxes, she is not within the phrase "any collector of any borough, city, township or any school district" as specified in the act, since she was appointed under the Act of April 11, 1899, P. L. 34, section 1, which authorized the county commissioners to appoint a suitable person as collector of state and county taxes for one or more wards of cities of the third class located within the county. The court below sustained the jurisdiction and held that she was a tax collector within the meaning of the Act of 1929; from that order this appeal was taken.

The Act of 1929 is remedial and as such its terms should receive a liberal construction and interpretation: Wright v. Barber, 270 Pa. 186, 189 (1921); Jones v. Beale, 217 Pa. 182, 187 (1907). It was intended to benefit municipalities, including school districts, by facilitating the collection of taxes and enabling the authorities, through pressure on the surety, to get rid of defaulting or delinquent tax collectors and replace them with others. It provided a much desired remedy and should be given full effect where it is possible to do so.

Appellant contends that she does not come within the class of collectors mentioned in that act and that its clear and unambiguous terms place her without its operation. The doubt seems to revolve about the use of the word "of." Appellant urges that as state, county and poor tax collectors have no responsibility to or connection with the borough, city, township or school district and are solely the official representatives of the county, poor or state authorities whose taxes they collect, to

whom they must account and return the moneys collected and who alone may exonerate from collection, the legislature intended the Act of 1929 to affect only the collectors of local taxes for local purposes.

The title to the act reads: "An act to provide for the taking of tax duplicates by sureties on the bonds of delinquent or defaulting tax collectors, and the appointment by such sureties of a collector for the collection of taxes due on such duplicates."

Where the enacting clause of a statute is clear and unambiguous, the preamble or the title will not be permitted to contradict that clear intention as evidenced by the enacting clause (Com. ex rel. v. Alliance Petroleum & Coal Co., 53 Pa. 71, 73) ; but where there is doubt as to the intent and purpose of a statute and the title or preamble will aid in ascertaining that intent and purpose, courts, under such circumstances, may with propriety make use of the title as a very important guide to its right construction: Eby's App., 70 Pa. 311, 314. This rule is accentuated when we consider the mischief and the remedy. The evil arose from the fact that at the end of each tax collecting year collectors have too frequently failed or neglected to make the returns required by law. Under such circumstances some authorities have found themselves compelled to hold up the following year's duplicate until the year in which the default was made had been cleared. Sureties and the authorities apparently were powerless to force an immediate return or to procure from the delinquent the duplicate. There was no adequate remedy provided for that purpose. This act supplied the remedy and when we read the title to the act it is apparent the legislature intended to embrace all tax collectors. The legislature did not intend to distinguish between tax collectors for local purposes and tax collectors for county, state and poor purposes or any other tax collector. The title of the act used in connection with the word "of" gives it a much broader significance.

Then the word "of" has been variously interpreted considering the situation, context and purpose to be attained by its use. Thus, it has been held that "courts of the state" mean any court located in the state, not merely state courts: Gregory v. City of Memphis, 157 Tenn. 68. "Streets or highways of Baltimore" mean streets or highways located in Baltimore rather than those belonging to Baltimore: Patapsco Elec. Co. v. Mayor, etc., of Baltimore, 110 Md. 306. "Of" has been held to be used synonymously with "in": Ivy v. State, 112 Ga. 175. "Lands of state" referred to in a drainage act for public health was held to mean "lands in the state and not lands belonging to the state": Sisson v. Board of Supervisors, 128 Iowa 442. In an act passed in connection with election returns to be made to the "clerk of the Circuit Court of Hartford County;" as there was no such clerk, the court held that "of" meant "for" the Circuit Court of Hartford County: Slymer v. State, 62 Md. 237.

Courts in the administration of the act must consider all parties having an interest, and in determining whether a collector is a delinquent or a defaulter the county authorities are interested parties. Delinquency or default must be found as a fact before an order can be made. Proper credits and exonerations must be considered and allowed and it may appear that a reason good in law exists for the absence of a return. While the act is beneficial its terms preclude the idea that without showing the basis for complaint an order can be forthwith made.

The decree of the court below is affirmed, costs to abide the final result.