

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

ERALD C. MANN
ATTORNEY GENERAL

May 5, 1939

Mr. Morris G. Rosenthal
Assistant District Attorney
Houston, Texas

Dear Sir:

> Opinion No. O-647
> Re: Construction of Article 430a,
> Penal Code, relating to the
> unlawful practice of the law.

We acknowledge receipt of your letter of April 15, 1939, requesting our opinion as to the proper construction of Article 430a of the Penal Code, Acts, 43rd Legislature, Regular Session, 1933, Chapter 238, page 835. We also wish to acknowledge the assistance we have received from the exhaustive brief accompanying your request, prepared by Mr. Tod R. Adams of your office.

The first question you submit is as follows:

> "May a person, not licensed to practice
> law in this State, appear in the Justice
> Courts as agent or as attorney in fact
> for another person or a corporation and
> file for such person or corporation suits
> for forcible detainer or for collection
> of open accounts or notes?"

Your first question may naturally be sub-divided into two parts: (1) may an unlicensed individual appear in the Justice Courts as the agent or attorney in fact for another natural person, and (2) may an unlicensed individual appear in the Justice Courts as the agent or attorney in fact for a corporation?

The statute plainly provides that an unlicensed



Mr. Morris G. Rosenthal, May 5, 1939, Page 2

individual may not appear as the agent or attorney in fact for another natural person. With reference to this question, Article 430a provides as follows:

> "Section 1. It shall be unlawful for any corporation or any person, firm or association of persons, except natural persons who are members of the bar regularly admitted and licensed, to practice law.

> "Section 2. .......Whoever (a) In a representative capacity appears as an advocate ........or performs any act in connection with proceedings pending or prospective before a court or a justice of the peace, or a body, board, committee, commission or officer constituted by law and having authority to take evidence in or settle or determine controversies in the exercise of the judicial power of the State or subdivision thereof;........(c) For a consideration, reward, or pecuniary benefit, present or anticipated, direct or indirect, does any act in a representative capacity in behalf of another tending to obtain or secure for such other the prevention or the redress of a wrong or the enforcement or establishment of a right; ..........is practicing law."

Independently of this statutory provision, it has been held that a natural person who is not licensed to practice law cannot appear in court as the agent or attorney in fact for another natural person. **Harkins v. Murphy and Bolanz**, 112 S. W. 136 (writ of error dismissed). The statute specifically applies to proceedings before a justice of the peace, and embraces "any act in connection with proceedings pending or prospective," and therefore applies to suits for forcible detainer or for collection of open accounts or notes.

We find no direct authority in this state upon the question of the right of an individual who is not licensed



to practice law to appear as the agent or attorney in fact for a corporation. It would seem to be clear that an individual who is not regularly employed by the corporation, but who is hired merely to represent the corporation in court, would have to be licensed to practice law before he could appear for the corporation. However, there is a conflict of authority in other jurisdictions on the right of the corporation to be represented in court by one of its regular officers or employees, who is not licensed to practice law. The conflict arises out of the question of the proper interpretation to be given to statutes similar to Section 3 of Article 430a, which reads in part as follows:

> "Section 3. It shall be unlawful for any corporation to practice law as defined by this Act or to appear as an attorney for any person other than itself in any court in this State, or before any judicial body or any board or commission of the State of Texas; ............."

With reference to the right of a party to appear in propria persona, Article 1993 of the Revised Civil Statutes provides as follows:

> "Any party to a suit may appear and prosecute or defend his rights therein, either in person or by an attorney of the court."

In some cases it has been held that a corporation can appear in propria persona in cases in which it is a party, and that in such cases it may be represented by any of its regular officers or employees, even though such officer or employee is not licensed to practice law. This view was recently adopted by the Supreme Court of Tennessee in the case of Haverty Furniture Company v. Foust, 125 S. W. (2) 694, decided February 18, 1939. In New York where there is a statute similar to Article 430a, some of the decisions hold that a corporation can appear by an unlicensed officer or agent, A. Victor and Company v. Sleininger, 9 N. Y. S. (2) 323 (App. Div., 1939]; 10th St. and 5th, Inc. v. Naughton, 296 N. Y. S. 952, 163 Misc. 437; Sellent-Repent



Corporation v. Queens Borough Gas and Electric Company, 290
N. Y. S. 887, 160 Misc. 920, while other decisions hold that
such appearance is void. Mortgage Commission v. Great Neck
Improvement Company, 295 N. Y. S. 107, 162 Misc. 416; Finox
Realty Corporation v. Lippman, 296 N. Y. S. 945, 163 Misc.
870; Aberdeen Bindery v. Eastern States Printing and Pub-
lishing Company, 3 N. Y. S. (2) 419, 166 Misc. 904; J. T.
Whalen, Inc. v. Pritzert, 3 N. Y. S. (2) 418, 167 Misc. 471.

In other jurisdictions, it appears to be the uni-
form rule that a corporation cannot appear in propria persona
by an unlicensed officer or agent, but that the corporation
must appear by a regularly licensed attorney at law. Brandstein
v. White Lamps, Inc., 20 F. Supp. 369; Mullin-Johnson Company
v. Penn Mutual Life Insurance Company, 9 F. Supp. 175; New
Jersey Photo Engraving Company v. Carl Schonert and Sons, Inc.,
95 N. J. Eq. 12, 122 Atl. 307; Black and White Operating
Company, Inc., v. Grosbart, 107 N. J. L. 63, 151 Atl. 630;
Bennie v. Triangle Ranch Company, 73 Colo. 586, 216 Pac. 718;
Clark v. Austin, 340 Mo. 467, 101 S. W. (2) 977; Culpeper
National Bank v. Tidewater Improvement Company, 119 Va. 73,
89 S.E. 118; Noble &. Fowler v. Bank of Kentucky, 10 Ky. 262;
Nispel v. Western Union R. Company, 64 Ill. 311; Detroit Bar
Association v. Union Guardian Trust Company, 282 Mich. 707,
281 N. W. 432; In re Opinion of the Justices, 289 Mass. 607,
194 N. E. 313.

As stated above, we do not find any Texas decisions
construing Section 3 of Article 430a, quoted above. Under
Section 2 it has been held that an officer of a corporation
can represent the corporation in attempting to collect a debt
belonging to the corporation out of court, even though such
officer is not licensed to practice law. Dietzel v. State,
131 Tex. Cr. 279, 98 S. W. (2) 183. We do not believe, how-
ever, that the courts of this state would permit a corporation
to appear in court except by an individual who is duly licensed
to practice law. At common law, a corporation did not have
the right to appear except by attorney. See Osborn v. Bank of
the United States, 9 Wheaton, 738, 830; 6 L. Ed. 204. We do
not believe that Section 3 of Article 430a should be construed
to permit a corporation to appear in court by an unlicensed
agent or representative. A corporation is essentially different
from a natural person, in that a natural person can act and



Mr. Morris G. Rosenthal, May 5, 1939, Page 5


appear for himself, but a corporation must always act through
its agent or representative. The officer or agent of the corpo-
ration who undertakes to represent it in court is necessarily
acting in a representative capacity for a separate and distinct
entity, to wit, the corporation. He may or may not have the
authority to bind the corporation by his acts, but in any case
it is the individual who appears before the court, and not the
corporation. The courts have the inherent power to prescribe
the qualifications of individuals appearing before them in a
representative capacity and, for that purpose, to require that
such individuals shall be duly licensed to practice law. This
power in effect would be destroyed if corporations could be
represented by persons not licensed to practice law. By the
simple expedient of obtaining his election or employment as
an officer or agent of a corporation, a person otherwise in-
eligible to appear in court in a representative capacity could
win the right to represent the corporation and, in effect, to
represent all of the individuals who might have invested in the
corporation, to the extent of their investment therein. We do
not believe that as a matter of policy the statute should be
construed so as to permit this to be done. Furthermore, we do
not believe that the statute should be construed so as to per-
mit unlicensed individuals to represent corporations in court
in view of the doubt that might be raised as to the constitu-
tionality of the statute under such construction. Such doubt
would be based on the grounds that under such construction the
statute might constitute an invasion by the legislature of the
powers conferred by the constitution on the judicial branch of
the government. Compare In re Opinion of the Justices, 289 Mass.
607, 194 N. E. 313.

The question remains as to what was the intention of
the Legislature in providing in Section 3 that "it shall be un-
lawful for any corporation to practice law as defined by this
Act or to appear as an attorney for any person other than it-
self...." It is our opinion that the words "other than it-
self" were used so as to make it plain that a corporation is
not prevented from hiring a regular staff of lawyers to appear
and represent it in court. In a sense, such action by the
corporation might be construed to constitute the indirect prac-
tice of the law by the corporation for itself, but such action
is not illegal because the corporation by so doing is securing
legal representation for itself and not for other persons. We
believe that the legislature had in mind certain cases wherein
it has been held that a corporation is indirectly practicing
law where it, in effect, hires a staff of lawyers and furnishes



legal representation to other persons. See In re Maclub of America, (Mass.) 3 N. E. (2) 272, 105 A. L. R. 1360; People v. Motorists Association of Illinois, 354 Ill. 595, 188 N. E. 827; United States Title Guaranty Company v. Brown, 217 N. Y. 628, 111 N. E. 828. We think that the Legislature intended, by using the words "other than itself," to make it plain that a corporation can hire a regular legal staff to represent it, but that the Legislature did not intend to confer on corporations the right to be represented except by agents or attorneys who have been duly licensed to practice law.

You are accordingly advised that a person, not licensed to practice law in this state, may not appear in the justice courts as agent or as attorney in fact for another person or a corporation and file for such person or corporation suits for forcible detainer or for collection of open accounts or notes.

Your second question is as follows:

"Is the practice of law in municipal courts forbidden by Article 430a of the Penal Code?"

Municipal or corporation courts have been created by the legislature under the authority of Article 5, Section 1, of the Constitution of Texas, which reads in part as follows:

"Section 1. The judicial power of this State shall be vested in one Supreme Court; in Courts of Civil Appeals, in a Court of Criminal Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law.

". . . . . . . .

"The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the District and other inferior courts thereto."

By Article 1194 of the Revised Civil Statutes, a corporation court is created and established for each incorporated city, town, and village in the State, and by article



1195, Revised Civil Statutes, jurisdiction is conferred on the corporation courts over criminal cases arising under city ordinances and, concurrently with the justices of the peace, over criminal cases arising under "the criminal laws of this State." These statutes have been held to be constitutional. Ex parte Wilbarger, 41 Tex. Cr. 514, 55 S. W. 968; Hickman v. State, 79 Tex. Cr. 125, 183 S. W. 1180. The corporation court clearly appears to be "a court" upon which "judicial power" has been conferred by the statutes, and you are therefore advised that practice of the law in municipal or corporation courts by persons not licensed to practice law is forbidden by Article 430a of the Penal Code. Compare Gregory v. City of Memphis, 157 Tenn. 68, 6 S. W. (2) 332.

Your third question is as follows:

"Is the request for or an agreement to a postponement, continuance, resetting or dismissal of a case the practice of law within the meaning of Article 430a of the Penal Code?"

It seems to be clear that Section 2 of Article 430a was intended to apply to all of the acts named in your question, inasmuch as this section covers "any act in connection with proceedings pending or prospective before a court...." Compare Harkins v. Murphy and Bolanz, 112 S. W. 136, cited above. You are therefore advised that a request for or an agreement to a postponement, continuance, resetting or dismissal of a case constitutes practice of the law within the meaning of Article 430a of the Penal Code.

Your fourth question is as follows:

"Is the appearance for an entering a plea of guilty for another the practice of law within the meaning of Article 430a of the Penal Code?"

We assume that your question is limited to misdemeanor cases. In connection with this question, Article 518 of the Code of Criminal Procedure provides in part as follows:

"A plea of guilty in a misdemeanor case may be made either by the defendant or his counsel in open court...."

Mr. Morris C. Rosenthal, May 5, 1939, Page 8

Under this article it has been held that only the defendant or his lawyer may appear, and that persons not licensed to practice law cannot appear for the defendant and enter a plea of guilty. Ex parte Jones, 46 Tex. Cr. 433, 80 S. W. 995; Ex parte Super, 76 Tex. Cr. 415, 175 S. W. 697; Ex parte Williamson, 76 Tex. Cr. 639, 177 S. W. 89.

You are, therefore, advised that the appearance for and entering a plea of guilty for another constitutes the practice of the law within the meaning of Article 430a of the Penal Code.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *James P. Hart*

James P. Hart
Assistant

JFH:FL

APPROVED:

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *GRY*
CHAIRMAN