Philadelphia Appeal.

Argued November 28, 1955. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Abraham Wernick,* Deputy City Solicitor, with him *Murray L. Schwartz,* First Deputy City Solicitor and *Abraham L. Freedman,* City Solicitor, for appellant.

*George B. Clothier,* with him *Edmonds, Obermayer & Rebman,* for appellee.

*Hirst W. Stalberg,* with him *Walter I. Summerfield, Jr., David Bressler,* and *Shapiro, Rosenfeld, Stalberg & Cook,* for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, January 4, 1956:

The same question that presented itself and was decided in the case of *City Stores Company v. Philadelphia,* 376 Pa. 482, 103 A. 2d 664, concerning the proper construction of an ordinance of the City of Philadelphia of September 7, 1937, now arises with respect to

the interpretation of an ordinance of the City of December 9, 1952, which replaced the 1937 ordinance. More specifically, the question, as stated by the City, is whether the Philadelphia Realty Transfer Tax Ordinance of December 9, 1952, imposes a tax upon the *privilege* of transferring real estate located within the City of Philadelphia which cannot be avoided by holding the settlement outside the City.

North American Rayon Corporation conveyed to Jacquard Knitting Machines Corporation on June 30, 1954, a certain tract of land situate at G and Cayuga Streets, Philadelphia, for a consideration of $455,000. The deed was executed, acknowledged, delivered and accepted in New York City, and on the same day was recorded in Philadelphia.

Congoleum-Nairn, Inc., conveyed to George Friedland on April 30, 1954, a certain parcel of land situate on Erie Avenue between Second and Front Streets, Philadelphia, for a consideration of $1,425,000. The deed was executed, acknowledged, delivered and accepted in New York City, and was recorded in Philadelphia on May 3, 1954.

When these deeds were presented to the Commissioner of Records he refused to record them unless stamps were affixed evidencing the payment of the tax required by the ordinance of December 9, 1952. Thereupon the grantors complied under protest, the stamps with respect to the Congoleum-Nairn deed amounting to $14,250. and with respect to the North American Rayon Corporation deed to $4,550. In both cases petitions for refunds of the taxes thus paid were filed with the Revenue Commissioner, who refused the applications, as did also the Tax Review Board on appeal. Further appeals were then taken to the Court of Common Pleas No. 6 of Philadelphia County, which held that the refunds should have been allowed and reversed

the action of the Tax Review Board. From its decision the City has taken the present appeals.

The title of the 1937 ordinance was "To provide revenue by imposing a stamp tax upon certain transactions relating to documents and obligations: . . ." It provided that "Every person who makes, executes, issues or delivers any document . . ." should be subject to the tax. In the *City Stores Company* case a deed for the conveyance of certain property located in the City of Philadelphia was made, executed, issued, delivered and accepted, not in Philadelphia, but in Delaware County, and accordingly we held that these acts constituted the "transaction" upon which the ordinance imposed the tax. Since the so-called Sterling Act of August 5, 1932, P. L. 45, gave the City authority only to levy taxes "on persons, transactions, occupations, privileges, subjects and personal property *within the limits of such* city," the transaction could not be made taxable under the ordinance.

On December 9, 1952, a new ordinance was enacted by the City. It was entitled: "To provide revenue by imposing a tax on the transfer of real property; . . . ." It provided, as did the former ordinance, that "Every person who makes, executes, issues or delivers any document, . . ." should be subject to the tax, which it increased from the former rate of 5 cents per hundred to 1% of the value of the property.

We fail to find any change between the two ordinances of such significance as to warrant a conclusion that the later ordinance closed, or was intended to close, the loophole which existed in the former ordinance according to the decision in the *City Stores Company* case. That decision had not been rendered when the ordinance of December 9, 1952, was enacted. It is argued that such an intention is to be found in the difference between the titles, the one imposing the tax

on *"certain transactions"* and the other on "the *transfer of real property."* It is true, as stated in the *City Stores Company* case (p. 487, A. p. 667), that the title is always a part of a statute or ordinance and, as such, may be considered in construing the enactment,* but it is in no sense conclusive, particularly when there is no ambiguity in the body of the statute or ordinance itself: *State Highway Route No. 72,* 265 Pa. 369, 374, 108 A. 820, 821; *American Surety Company's Case,* 319 Pa. 549, 553, 181 A. 364, 365. However, giving the change of title all due weight, it is nevertheless to be pointed out that the Act of December 27, 1951, P. L. 1742, section 1, provided as its short title, that it should be known as "The Realty *Transfer* Tax Act," and yet in *Sablosky v. Messner,* 372 Pa. 47, 50, 51, 92 A. 2d 411, 413, it was held that the tax which it imposed was upon certain *transactions* pertaining to real estate, thus indicating that no distinction was deemed to exist between the term *"transfer"* and the term *"transactions."* Certainly the transfer of title by deed constitutes a transaction, and the likelihood is that the variation in the phraseology between the titles of the two ordinances was due solely to the fact that the transactions taxed by the earlier ordinance included those involving the execution of notes and mortgages, whereas the later ordinance restricted the taxable transaction to the transfer by deed of title to real estate.

What is apparently the principal contention of the City is that the tax imposed by the 1952 ordinance should be construed as being a tax on the *privilege* of transferring real property, but even if such an inference could reasonably be drawn the City's position would not be strengthened thereby since every owner

---

* The Statutory Construction Act of May 28, 1937, P. L. 1019, Section 54, so provides.

of real estate in Philadelphia has the *abstract* privilege of conveying his property but the ordinance imposes the tax only on the one who actually makes such a conveyance, that is, on the *exercise* of the privilege. And since, in each of the present cases, the privilege was exercised outside of the City, and since the Sterling Act provides that the City may impose taxes only on ". . . privileges . . . *within the limits of the City*" it is clear that these transactions could not be made subject to the tax in question.

One of the sections of the 1952 ordinance provided that no document should be recorded in the office of the Recorder of Deeds unless the required stamp should have been affixed thereto as provided in the ordinance, but this section, as the court below rightly determined, was merely an enforcement provision and added nothing to the scope of the tax; it did not make the recording of the deed itself a taxable transaction.

Under date of December 7, 1954, after the publication of the decision in the *City Stores Company* case, the City Council passed an ordinance amending the 1952 ordinance by providing that the term "deliver" should include the presentation for recording within the City of Philadelphia of any document whereby title to or any interest in real property located within the City was transferred or conveyed, regardless of where the document was executed, delivered or accepted, thereby bringing the transaction of recording the deed within the scope of the taxing provision and apparently remedying the situation which the ordinance of 1952 had failed to reach. This 1954 ordinance contained a "Whereas" clause which stated that "By ordinance approved December 9, 1952, . . . the Council imposed a tax on the transfer of real property located within the City of Philadelphia regardless of where the delivery or acceptance of the document of transfer is

made", and another "Whereas" clause that "The council desires to clarify the application of this tax to transactions relating to the transfer or conveyance of real property located within the City of Philadelphia, where settlements on such transactions are made outside of the City of Philadelphia." These declarations do not purport to impose the tax retroactively on transactions prior to the enactment of this ordinance, nor can they be given effect as an attempted interpretation of the intent of the 1952 ordinance, since the City Council could not, under cover of giving a construction to a former ordinance, affect intervening rights: 50 Am. Jur. 330, §337. Indeed a legislative body cannot thus assume to exercise powers which are the exclusive function of the judicial branch of government: *Titusville Iron Works v. Keystone Oil Co.,* 122 Pa. 627, 632, 633, 15 A. 917, 919; *Commonwealth ex rel. Roney v. Warwick,* 172 Pa. 140, 144, 33 A. 373, 374; *Leahey v. Farrell,* 362 Pa. 52, 56, 66 A. 2d 577, 579. To which it may be added that even if the ordinance of 1952 was intended to impose a tax on the transfer, outside the City of Philadelphia, of property within the City, such intention would have been futile, as held in the *City Stores Company* case, because of the limitations on the City's authority in that respect contained in the Sterling Act.

Orders and judgments affirmed.