Dziak et al., Appellants, *v.* Novinger.

Argued October 7, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Herbert O. Schaeffer* and *Thomas H. Lane,* with them *John W. Purcell,* for appellants.

*William F. Fearen*, with him *Joseph Nissley* and *Livengood & Nissley*, for appellees.

OPINION BY WOODSIDE, J., January 17, 1956:

The Board of School Directors of Susquehanna Township, Dauphin County, passed a resolution on March 22, 1954 imposing a tax on the transfer of title to real property situate in the township.

The resolution was passed under authority of the Act of June 25, 1947, P. L. 1145, as amended (53 PS §2015.1A) which provides inter alia as follows: ". . . school districts . . . may, in their discretion, by . . . resolution, for general revenue purposes, levy, assess and collect . . . such taxes on persons, transactions, occupations, privileges, subjects and personal property within the limits of such political subdivisions, as they shall determine . . ."[1]

Its title and the resolution provide, inter alia, as follows: ". . . a resolution . . . imposing a tax on sales involving the transfer of title to real property, within the School District of the Township of Susquehanna, Dauphin County, Pennsylvania.

"BE IT HEREBY RESOLVED, . . . That a tax to provide revenue for general school purposes be and the same is hereby levied, assessed and imposed on the transfer of title to real property situate in the Township of Susquehanna, Dauphin County, Pennsylvania, at the rate of one-half (½) of one (1) per cent of the amount of the consideration or sale price involved in the transaction . . ."

On July 9, 1954 the plaintiffs conveyed to George S. Wert and wife, a tract of real estate located in Sus-

---

[1] For amendments relating to tax on the transfer of real property made to this section during the present session of the legislature: See Act No. 60 of June 28, 1955 and Act No. 276 of December 22, 1955.

quehanna Township. It is their contention that the above resolution imposed no tax thereon because the deed of conveyance was drawn, signed, delivered, accepted and recorded in the city of Harrisburg and the purchase price was paid in that city. When the school district insisted upon the payment of the tax, plaintiffs filed a complaint in equity in the Court of Common Pleas of Dauphin County asking for an injunction restraining the school directors from collecting the tax.

The plaintiffs relied upon *City Stores Co. v. Philadelphia*, 376 Pa. 482, 103 A. 2d 664 (1954) which interpreted an ordinance of the City of Philadelphia passed under authority of the "Sterling Act" of August 5, 1932, P. L. 45, 53 PS §4613. This act provides that ". . . the council of any city of the first . . . class shall have the authority by ordinance, for general revenue purposes, to levy, assess and collect . . . such taxes on persons, transactions, occupations, privileges, subjects and personal property, within the limits of such city . . . as it shall determine . . .".

The Philadelphia ordinance entitled "To provide revenue by imposing a stamp tax upon certain transactions relating to documents and obligations; . . ." provided that "Every person who makes, executes, issues, or delivers any document . . . shall be subject to pay for, and in respect to such document, or for and in respect of the vellum, parchment or paper upon which such document is written or printed, a tax at the rate of five (5) cents for each one hundred (100) dollars, or fraction thereof, of the value represented by such document . . ."

The Supreme Court held in the *City Stores Co.* case that the Philadelphia ordinance imposed a tax upon the making, executing, issuing and delivering of the deed, and when these took place in Delaware County the tax could not be collected by Philadelphia because

it was a *transaction* which did not take place "within the limits of such city."

In the instant case the school district contends that although the Philadelphia ordinance imposed a tax upon the "transaction," its resolution imposes a tax upon the "privilege" of transferring title to real property located within the township, and that although the "transaction" may have taken place in Harrisburg, the "privilege" of the transfer of real estate always occurs at the situs of the land, which in this case was "within the limits of" the school district. Thus, it is argued, it is immaterial where the deeds were executed and delivered.

The lower court agreed with this contention and dismissed the complaint. The plaintiffs appealed.

When the lower court wrote its opinion it did not have the benefit of the Supreme Court's opinion in *Philadelphia Appeal*, 383 Pa. 428, 119 A. 2d 205. In this recent case the same question before us here, and before the Supreme Court in the *City Stores Co.* case, was decided with respect to the interpretation of a Philadelphia ordinance of December 9, 1952, which replaced the ordinance passed upon in the *City Stores Co.* case.

The 1952 Philadelphia ordinance was entitled: "To provide revenue by imposing a tax on the transfer of real property . . ." and provided, as did the former ordinance, that "Every person who makes, executes, issues or delivers any document . . ." should be subject to the tax.

The Supreme Court there held that the tax imposed by that ordinance did not apply to a conveyance of Philadelphia real estate when the settlement was made outside the city.

Concerning the Philadelphia ordinance Chief Justice STERN had the following to say, which would be

equally applicable to the resolution before us: "What is apparently the principal contention of the City is that the tax imposed by the 1952 ordinance should be construed as being a tax on the *privilege* of transferring real property, but even if such an inference could reasonably be drawn the City's position would not be strengthened thereby since every owner of real estate in Philadelphia has the *abstract* privilege of conveying his property but the ordinance imposes the tax only on the one who actually makes such a conveyance, that is, on the *exercise* of the privilege. And since, in each of the present cases, the privilege was exercised outside of the City, and since the Sterling Act provides that the City may impose taxes only on '. . . privileges . . . *within the limits of the City*' it is clear that these transactions could not be made subject to the tax in question."

Because of the holding and reasoning of the Supreme Court in this recent case we feel bound to hold that the resolution before us did not impose a tax upon the conveyance made by the plaintiffs, and that therefore the defendants must be enjoined from collecting it.

Judgment reversed and the case remanded for the entry of an injunction in accordance with this opinion.