Kaylor et al., Appellants, *v.* Boswell et al.

Argued November 17, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

172

*Gaylord W. Greenlee,* with him *McCune & Green-lee,* for appellants.

*Adolph L. Zeman,* with him *Howard O. Stevens, Robert L. Zeman* and *Zeman & Zeman,* for appellees.

OPINION BY WOODSIDE, J., January 17, 1956:

The question here presented is whether under its resolution of May 13, 1954 the School District of Peters Township, Washington County, can collect a tax on a conveyance of real estate located in the township when the deed is executed and delivered and the settlement made outside of the township.

The resolution was passed under authority of the Act of June 25, 1947, P. L. 1145, as amended (53 PS §2015.1A) which provides, inter alia, as follows: ". . . school districts . . . may, in their discretion, by . . . resolution, for general revenue purposes, levy, assess and collect . . . such taxes on persons, transactions, occupations, privileges, subjects and personal property within the limits of such political subdivisions, as they shall determine . . ."

The resolution is entitled: "A Resolution to provide revenue for general school purposes by imposing, as-

sessing and levying a tax upon deeds which transfer and convey lands, tenements or hereditaments, or any interest therein, situate wholly or partially within the School District of the Township of Peters; . . ." and provides, inter alia, as follows: "SECTION 3. On and after the effective date of this resolution, on every transaction, transfer or privilege arising therefrom, whereby any lands, tenements or hereditaments, or any interest therein, lying, being and situate, wholly or in part within the boundaries of the School District of the Township of Peters, shall be granted, bargained, sold or otherwise conveyed, a tax for general revenue purposes at the rate of one per cent (1%) of the total value, is hereby imposed, assessed and levied; . . ."

On May 20, 1954 the plaintiffs conveyed a tract of real estate in Peters Township to Thomas B. and Kathryn Z. Walson by deed executed and delivered in the City of Pittsburgh. The Recorder of Deeds of Washington County refused to record the deed because it did not have affixed to it stamps evidencing the payment of the Peters Township School District real estate transfer tax.

Plaintiffs then filed a complaint in equity asking the Court of Common Pleas of Washington County, Pennsylvania to enjoin the Recorder of Deeds of Washington County, and the Board of School Directors of Peters Township from collecting said tax.

The lower court dismissed the appeal holding "that the Act of 1947 aforesaid, permits the taxing of certain privileges, that the ordinance now in question is a tax on the privilege of transferring real estate situate within the limits of the said township and is applicable to such transfers, regardless where the deed conveying the same is delivered."

The plaintiffs appealed.

For the reasons set forth in *Dziak v. Novinger*, 180 Pa. Superior Ct. 167, 119 A. 2d 574, filed herewith, we are of the opinion that this case is ruled by *Philadelphia Appeal*, 383 Pa. 428, 119 A. 2d 205.

Order reversed and the case remanded for the entry of an injunction.