The Borough of Brookhaven, Appellant *v.* Century 21, Neil M. Montella, Inc. and Neil M. Montella in his Capacity as President of the Brookhaven Professional and Business Association, Appellees.

Argued October 6, 1980, before Judges Mencer, Rogers and Palladino, sitting as a panel of three.

*James P. Gannon, Beagan, Gannon & Barnard,* for appellant.

*Nicholas J. Emper,* with him *Ronald J. Klimas, Eckell, Sparks, Vadino, Auerbach & Monte,* for appellees.

Opinion by Judge Mencer, January 23, 1981:

The Borough of Brookhaven (Brookhaven) appeals from an order of the Court of Common Pleas of Delaware County which invalidated several parts of Brookhaven's taxing ordinance and regulations. We affirm in part and reverse in part.

In May of 1978, Brookhaven enacted a Business Privilege Tax Ordinance, which provides, in Section 102, as follows:

There is hereby levied for the tax year beginning June 16, 1978, and annually thereafter a tax for the general Borough purposes on the

privilege of doing business as herein defined in the Borough of Brookhaven as follows:

A. The rate of the tax on each and every dollar of the whole or gross volume of business transacted within the territorial limits of the Borough of Brookhaven shall be 1.5 mills per $1000.00 of gross volume of business.

Brookhaven promulgated regulations in order to effectively administer this ordinance. Sections III-1 and III-2 of those regulations delineate what is meant by the term "doing business . . . in the Borough" and Section III-2(b) specifically provides that

[i]f a person engaged in a profession or vocation or in rendering personal services maintains a place of business only in the Borough of Brookhaven, the *entire receipts* from personal services *must be included* in the measure of the tax *whether or not the services are performed in the Borough of Brookhaven.* Receipts will be deemed attributable to the Borough of Brookhaven if they result from the efforts of employees who work in, or from, or are attached to taxpayer's Borough of Brookhaven place of business. (Emphasis added.)

Neil Montella, as President of the Brookhaven Professional and Business Association (Association), has challenged the validity of the above-emphasized portion of Brookhaven's regulation. The Association has also challenged the validity of that portion of Section 107 of the ordinance which mandates that each person subject to the business privilege tax submit to Brookhaven copies of "a schedule 'C,' form 1065 or form 1120" from his federal income tax return. The lower court sustained both challenges, and this appeal followed.

The Association contends that Section III-2(b) of Brookhaven's regulations goes beyond the author-

ity granted to Brookhaven by Section 2 of The Local Tax Enabling Act (Act), Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §6902, which provides, in part, that boroughs may assess "by ordinance or resolution . . . such taxes as they shall determine on persons, transactions, occupations, privileges, subjects and personal property *within the limits of such political subdivisions."* (Emphasis added.) We agree.

It is well settled that taxing statutes are strictly construed; in cases of doubt the construction should be against the government. *Fischer v. Pittsburgh,* 178 Pa. Superior Ct. 16, 112 A.2d 814, *aff'd,* 383 Pa. 138, 118 A.2d 157 (1955). Municipalities have the right and power to enact only those tax ordinances and resolutions which are authorized by the Act and, if the ordinance or resolution conflicts with the enabling statute, it is to that extent void. *Allentown School District Mercantile Tax Case,* 370 Pa. 161, 87 A.2d 480 (1952).

With these principles in mind, we believe that Brookhaven's regulation, which taxes *all* receipts from services *"whether or not* the services are performed in the Borough" (emphasis added), is clearly an invalid extension of Brookhaven's power under the enabling Act. In *Philadelphia Appeal,* 383 Pa. 428, 119 A.2d 205 (1956), the City of Philadelphia enacted an ordinance imposing a tax upon the privilege of transferring real property within the limits of the City. North American Rayon Corporation conveyed real estate located in Philadelphia to Jacquard Knitting Machines Corporation. The deed was executed, acknowledged, delivered, and accepted in New York City and was recorded the same day in Philadelphia. The Court determined that North American was *not* subject to the tax because the taxable event, *i.e.,* the privilege of transferring realty, was exercised out-

side the limits of Philadelphia. The Court noted that, even if the intention of the ordinance was to impose a tax on the transfer, effected outside of the City of Philadelphia, of property within the City, "such intention would have been futile . . . because of the limitations on the City's authority in that respect contained in the Sterling Act."[1] *Id.* at 434, 119 A.2d at 209. *See also City Stores Co. v. Philadelphia,* 376 Pa. 482, 103 A.2d 664 (1954).

Here, Brookhaven is clearly intending to tax services performed outside the Borough and, following the rationale of *Philadelphia Appeal,* we too must conclude that, to the extent that Brookhaven is taxing services performed outside its limits, this intention is futile. Although "not every ingredient of a transaction must take place within the taxing district," nevertheless, "[i]t is . . . necessary that the phase upon which the tax is based occur in the taxing jurisdiction." *Glendale Heights Ownership Association v. Glenolden School District,* 393 Pa. 485, 493, 143 A.2d 386, 389 (1958). *See also L.J.W. Realty Corp. v. Philadelphia,* 390 Pa. 197, 134 A.2d 878 (1957). Since the taxable event here is "the privilege of doing business . . . in the Borough," to the extent that the Association can demonstrate that it performed services outside the limits of Brookhaven, it is not subject to the tax.

Brookhaven's reliance on *O. H. Martin Co. v. Sharpsburg Borough,* 376 Pa. 242, 102 A.2d 125 (1954), for the proposition that Brookhaven can tax gross receipts on services performed outside the Bor-

---

[1] The Sterling Act, Act of August 5, 1932, Ex. Sess., P.L. 45, *as amended,* 53 P.S. §15971 *et seq., formerly* 53 P.S. §4613 *et seq.,* is the equivalent of the Local Tax Enabling Act for first class cities. The Sterling Act authorized the city to levy taxes "on persons, transactions, occupations, privileges, subjects and personal property, within the limits of such city."

ough, is misplaced. In *O. H. Martin,* Sharpsburg imposed, by ordinance, a business privilege tax on all " 'persons offering any service . . . to the general public . . . *from places . . . within the Borough.' " Id.* at 243, 102 A.2d at 125 (emphasis in original). A corporation within Sharpsburg challenged the validity of the ordinance on the ground that, *inter alia,* the ordinance unlawfully attempted to tax receipts from interstate commerce. The Court agreed and held that Sharpsburg could not tax receipts from interstate business. The corporation, however, did not challenge the authority of Sharpsburg to tax transactions outside the limits of the Borough (but within the state), and that issue, therefore, was not before the Court.[2]

The *Glendale Heights* and *Philadelphia Appeal* cases are more recent than *O. H. Martin* and speak more closely to the issue here presented. We conclude, therefore, that these later cases, and not *O. H. Martin,* control.

The Association also challenges Section 107B of the ordinance, which requires the taxpayer to submit "a schedule 'C,' form 1065 or form 1120, which-

[2] Moreover, the taxable event in *O. H. Martin* is significantly different from the taxable event here. The ordinance in *O. H. Martin* was specifically attempting to tax persons offering services *from places* within the Borough, while here the ordinance is attempting to tax the privilege of *doing business* in the Borough, without regard to whether the taxpayer had a place of business within the Borough. While we express no judgment on the validity of the *O. H. Martin* ordinance as it relates to the issue now before us, nevertheless, we note that the taxable event under the *O. H. Martin* ordinance arguably occurs within the taxing jurisdiction of Sharpsburg. Here, however, the regulation interpreting the ordinance *on its face* recognizes that the taxable event may not occur within the taxing jurisdiction of Brookhaven. To that extent, Brookhaven is overreaching its authority under the Act.

ever is applicable for verification.'' The Association argues that the enabling Act does not provide authority for such a broad request and contends that Brookhaven can request only that information pertaining to gross receipts on business transactions. We disagree.

Section 13V(c) of the Act, 53 P.S. §6913V(c), empowers the officer charged with administration and enforcement of the ordinance to ''prescribe, adopt, promulgate and enforce, rules and regulations relating to any matter pertaining to the administration and enforcement of the ordinance . . . and to prescribe forms necessary for the administration of the ordinance.'' Section 13V(e) of the Act, 53 P.S. §6913V(e), authorizes such officer to ''examine the books, papers, and records of any . . . person . . ., in order to verify the accuracy of any declaration or return.''

We believe that this language is broad enough to support Brookhaven's position that schedule C forms may be required for purposes of determining the accuracy of the taxpayer's return and of assessing the proper amount of the tax. Although it is perhaps true that Brookhaven does not need all of the information contained in schedule C forms, nevertheless this requirement is reasonably related to effectuating the goal of the ordinance, *cf. Cheers v. Secretary of HEW*, 610 F.2d 463 (7th Cir. 1979) (a court must uphold a regulation if it is reasonably related to the purpose of the enabling legislation), and, in view of the fact that the information obtained by Brookhaven must be kept confidential,[3] we will not disturb this regulation.

---

[3] Section 13V(f) of the Act, 53 P.S. §6913V(f), insures that "[a]ny information gained by the officer . . . as a result of any declarations, returns . . . or verifications required or authorized by the ordinance . . . shall be confidential." Nor will the confidentiality established by federal law for federal tax returns be

Order affirmed in part and reversed in part.

Judges MENCER and PALLADINO support the affirmance of Sections 1 and 2 of the lower court order which invalidated Section III-2(b) of the Borough of Brookhaven's regulations pertaining to Ordinance No. 382.

Judges MENCER and ROGERS support the reversal of Section 3 of the lower court order which invalidated the authority of said Borough to require submission of tax returns as defined in Section 107 of Ordinance No. 382.

---

violated by Brookhaven's requirement, since 26 U.S.C. §6103(a)(2) "only restricts the dissemination of tax returns by the government and . . . does not otherwise make copies of tax returns privileged." *Heathman v. United States Dist. Court for Cent. Dist. of Cal.*, 503 F.2d 1032, 1035 (9th Cir. 1974).

---

DISSENTING OPINION BY JUDGE ROGERS:

I respectfully dissent from the majority's order invalidating Brookhaven's regulation Section III-2 (b). The tax in question is on the privilege of doing business within the limits of Brookhaven. It is properly measured by gross receipts. *Man, Levy & Nogi v. Scranton School District*, 31 Pa. Commonwealth Ct. 75, 375 A.2d 832 (1977). *See also F. J. Busse Co. v. Pittsburgh*, 443 Pa. 349, 279 A.2d 14 (1971). The majority cites *Philadelphia Appeal*, 383 Pa. 428, 119 A.2d 205 (1956), but there the tax was on the privilege of transferring real property, not on doing business generally.

Section III-2(b) simply makes clear with respect to businesses located in Brookhaven that the tax must be measured by their entire receipts. Since such businesses are not exercising the *taxed privilege* in any other municipality there is nothing improper about measuring the tax by their entire receipts.