## Somerset Area Tax Collection Bureau v. Berlin Brothersvalley School District

*James R. Cascio,* for plaintiffs.
*Nathaniel A. Barbera,* for defendants.

SHAULIS, *J.,* July 12, 1982—This case is before the court in an action for declaratory judgment asking the court to interpret certain provisions of The Local Tax Enabling Act (Act of December 31, 1965 P.L. 1257, as amended, 53 P.S. §6902 et seq.) commonly referred to as Act 511. Plaintiffs[1] are attempting to charge a fee for their services in collecting the taxes of and remitting the taxes to municipalities not members of the bureau. Defendants, two of those being charged, are challenging plaintiffs' authority to impose such a fee.

## FACTS

The members of the bureau[2] and defendants are neighboring communities. Many individuals that reside in defendant school districts are employed in

---

1. Defendants, in an attempt to have the merits resolved, have not raised preliminary objections attacking plaintiffs as improper parties. Rather, they have agreed to submit the issue to the court without any technical objections.

2. Somerset Borough, Jefferson Township, Lincoln Township, Indian Lake Borough, Somerset Area School District and Shanksville Stoneycreek School District.

various capacities within the boundaries of the members of the bureau. Pursuant to Act 511, the employers are withholding and remitting to the bureau certain tax monies. The bureau then is sending these monies to the appropriate outside municipalities and charging the municipality a percentage fee for this service.[3]

Never, prior to the imposition of this fee in March 1981, had any taxing municipality unilaterally charged another for the services performed, i.e., collecting and remitting the taxes due.[4] Prior to 1981 and today still, these services were, and are performed in most instances as a courtesy to all the municipalities involved.

## DISCUSSION

Stated simply, the issue to be resolved here is, "Does Act 511 provide plaintiffs with authority to impose a fee for the performance of the services of collecting and remitting tax monies to the municipalities outside the bureau?"

An examination of the entire statute, as indicated by counsel at argument, reveals no express authority for such a fee. All that is provided is for compensation of the tax officer by those by whom he is employed: 53 P.S. §6913 (VI). Nothing is provided for compensation of that same officer by municipalities other than those that employ him.

---

3. The fee charged is six percent of the amount of money collected and remitted to the non-member taxing entities. (Agreement between the bureau and Somerset Software, Inc. Section Two (h)(i)(8) ).

4. Some fees are, in various parts of Pennsylvania, being charged today by agreement of the municipalities involved.

Therefore, any statutory authority for such a fee must be implied.

The case law in this area is also not helpful. Neither party has directed our attention to any Pennsylvania case which has dealt precisely with this issue and we have found none. City of Reading Earned Income Tax Case, 47 D. & C. 2d 421 (1969), the nearest judicial expression concerning the matter, after setting forth the problem proceeds not to address it and, as such, is of no assistance to us. We must, therefore, consider the matter before us with no judicial guidance or statutory aid.

It is a well settled rule of Pennsylvania law that municipalities have no inherent or fundamental power of legislation or taxation. They possess only those powers expressly authorized or reasonably implied from those specifically granted: Allentown School District Mercantile Tax Case, 370 Pa. 161, 87 A. 2d 480 (1952); Com. v. Pugh, no. 52 Crim. 1982 (C. P. of Somerset Co. 1982). If per chance, an ordinance or resolution is passed which conflicts with the enabling statute, it is to that extent, void: Allentown School District, 370 Pa. 171, 87 A. 2d at 484 (1981); Borough of Brookhaven v. Century 21, 57 Pa. Commonwealth Ct. 211, 214, 425 A. 2d 466, 467 (1981). It is also well established that taxing statutes, once enacted, are strictly construed and in cases of doubt, the construction of the statute should be against the government and in favor of the taxpayer: Fischer v. Pittsburgh, 178 Pa. Superior Ct. 16, 112 A. 2d 814, aff'd. at 383 Pa. 138, 118 A. 2d 157 (1955); Borough of Brookhaven, 57 Pa. Commonwealth Ct. at 214, 425 A. 2d at 467. We believe this rule applies as well to municipalities attempting to exercise rights and powers regarding

taxes not expressly set forth in the enabling act.[5] As such, for plaintiffs to succeed, they must show us clearly that they are entitled by the statute, to charge a fee for collecting and remitting monies to neighboring jurisdictions.

It is plaintiffs' major contention and it seems to us the entire basis of their argument, that no mater how you look at the situation or what you label the term, it costs the bureau a significant amount of money to collect and remit the taxes due the non-member municipalities. Plaintiffs argue that since, pursuant to 53 P.S. §6913(IV)(b), an employer is required to withhold and remit the taxes regardless of where the employee resides, the employer's jurisdiction should be reimbursed for the costs incurred in forwarding the monies to the employee's district. Plaintiffs assert that since the withholding is mandatory, the legislature intended that jurisdictions get paid for collecting another jurisdiction's taxes. Plaintiffs argue further that had the legislature intended the receiving jurisdiction to absorb this cost, it would have so stated. With this fee, the bureau is attempting to recoup a major portion of those costs.

The aforesaid is not an illogical argument. No matter how you look at it, there is additional cost for receiving and disbursing these taxes. The collector may, because of economies of scale, reach a point where it will cost less to collect the next dollar than it did the last, but still the entire expense is addi-

---

5. It should be noted here that the right exercised by plaintiffs (charging a fee) is against other municipalities directly and only against the taxpayers in an indirect way. The fee charged by plaintiffs reduces the amount of revenue received by defendants, thus requiring higher taxes to accumulate the same amount of revenue.

tional. If the collector did not have to collect these extra monies, the entire additional expense could be avoided.

Defendants argue in response that this cost is more properly handled in the tax collector's compensation ie. the collector itself (here the bureau) should get paid more. This is so, defendants assert, because if the tax collector is paid on a percentage of the monies collected for non-member jurisdictions, with some of the dollars collected, then it is receiving compensation from a fund to which the member municipalities are not entitled. However, this overlooks the fact that if no fee were charged, the taxpayers of the municpalities employing the collector would be compensating it for collecting non-members' taxes.[6] Defendants argue as well that, if a large employment center, as here, (plaintiffs) charges a fee for the collection of taxes, a small employment center, as here, (defendants), will not be able to adequately reciprocate the cost factor. (The small center will pay much more than it will receive.) This argument, however, again overlooks an important fact; if the large center does not charge a fee, it is not adequately compensated for the amount of work done.

Defendants' final argument is that to permit one jurisdiction unilaterally to charge another a fee would lead to great confusion. One jurisdiction would or could be charging various jurisdictions different fees based on the amount of services performed. That jurisdiction in return could be charged yet another amount, leading to mass confusion. Defendants assert that the legislature did not want to create such a sporadic, chaotic system

---

6. Perhaps this is proper; it seems to have been the custom for the past 30 odd years.

and anticipating the problem intentionally omitted a provision permitting the charging of fees.

We are not convinced that the legislature had such foresight, but we do agree that to allow the charging of fees could create a good deal of confusion. This is not to say that in some instances, a fee schedule could not be implemented efficiently. Rather, we believe in many cases, the amount of administrative work created would far outweigh the benefits derived.

It is the conclusion of this court, after carefully reading the statute and evaluating the arguments of counsel, that the legislature has not clearly set forth its intention, either expressly or impliedly. Accordingly, we must construe the statute strictly and resolve the problem against the government attempting the broad reading. In our opinion neither 53 P.S. §6913(IV)(b) nor (V)(h) permits a collecting municipality to charge a fee to those municipalities to which the taxes are due. The language speaks only to the withholding of taxes and the quarterly distribution of the monies withheld. Nothing is stated with regard to receiving compensation for performing these services. If the legislature had intended to allow a fee, it is our opinion that it would have expressly done so therein, or in §6910, where it provides for tax officers or §6913(VI) where it specifically provides for the compensation thereof by the governing body employing the officer. We refuse to change a well settled custom without a clear direction from legislature.[7] Although plaintiffs raise a number of solid, logical arguments, we believe they must be

---

7. Presumably this custom was fully before the legislature when Act 511 was passed and if they had wanted to alter the practice they would have expressly done so.

directed to the legislature rather than the judiciary. As such, it is our determination that Act 511 does not provide plaintiffs with the authority to charge defendants a fee for the collection and remittance of earned income taxes.

## DECREE NISI

Now, July 12, 1982, it is decreed as follows:

1. Plaintiffs have the right and duty to receive tax revenues belonging to other municipalities or taxing entities, and collected in plaintiffs' jurisdiction from employers in plaintiffs' jurisdiction.

2. Plaintiffs do not have a right to deduct a fee from the amount so collected, but shall remit the full amount collected to the other taxing entities.

Unless exceptions are filed within ten days, this decree nisi shall be entered by the prothonotary on praecipe as the final decree. Pa.R.Civ.P. 1519.