## Maust v. City of Butler

*Leo M. Stepanian*, for plaintiff Paul E. Maust.
*Martin J. O'Brien*, for defendant.

KIESTER, *S.J.*, November 10, 1983—

### ISSUES

The basic issue in this case is the authority of one municipality (Butler City) to tax the gross income of a professional (Dr: Maust) who has his office in the City of Butler while rendering his services or practicing his professional skills in an operating room located solely in Butler Township, while the hospital proper which contains the operating rooms is situate both in Butler Township and Butler City.

## STATED DIFFERENTLY

Can the municipality in which the service or work is actually performed tax the gross income derived from the service when the office in which the service may originate or be planned and in which the business records may be maintained is located in the adjacent municipality which municipality purports to levy a similar business privilege tax on the same gross income?

## POSTURE OF THE CASE

Plaintiffs filed an action for declaratory judgment. Based on the record plaintiffs later filed a motion for summary judgment. Plaintiffs:

"request the Court to interpret and determine the construction and legality or validity of the Business Privilege Tax of the City of Butler and the Township of Butler as it relates to services performed in either municipality and whether or not defendant City may tax services rendered outside the territorial limits of Butler City"

## FACTS AND LAW

These municipalities enacted similar ordinances providing for a business privilege tax. Municipalities are authorized to levy such a tax under section 2 of The Local Tax Enabling Act of December 31, 1965, P.L. 1257, as amended, 53 P.S. §6902. This act provides, in part, that such municipalities:

"may, in their discretion, by ordinance or resolution, for general revenue purposes, levy assess and collect or provide for the levying, assessment and collection of such taxes as they shall determine on persons, transactions, occupations, privileges, subjects and personal property *within the limits of such*

*political subdivisions* . . . . . ." (Emphasis added.)

Although the act has been amended several times, the above-quoted language remains unchanged since 1965.

Ordinance 1185 of the City of Butler, effective January 1, 1979, imposes a tax at the rate of six mills on gross receipts of professionals for ". . . services rendered. . . within the City of Butler. . . ." The ordinance excludes gross receipts attributable ". . . to an office or place of business regularly maintained by the taxpayer, outside the limits of the City of Butler. . . ."

Butler Township enacted Ordinance 584 on November 24, 1980. The rate was fixed at one mill. It was stated that the rate is now two mills on "gross receipts." The tax is levied on the person ". . . carrying on or exercising. . . within the Township of Butler. . ." a profession.

What are the transactions or privileges conducted within the physical boundaries upon which gross receipts may be measured and a business privilege tax levied?

The Commonwealth Court has decided that a municipality cannot tax services performed outside the limits of the municipality. Borough of Brookhaven v. Century 21, 57 Pa. Commw. 211, 425 A.2d 466 (1981), decided January 23, 1981. In this situation who is to decide the value of the services performed inside the boundaries of the municipality that levied the business privilege tax? The answer is a jury or a judge without a jury in a judicial proceeding.

The municipalities as well as the taxpayer are entitled to a trial on the issue of the value of the services performed within the boundaries of the particular municipality and the amount of tax payable thereon.

Such litigation is unfair, unjust and oppressive to the individual taxpayer as well as the municipalities competing for the collection of the business privilege tax. Until such time as the legislature redefines or clarifies what is included as taxable "within the limits" or the appellate courts reinterpret the clause, the parties are relegated to a judicial determination of the facts.

In the opinion of this court, trials to resolve such conflicts are burdensome, unnecessary and should be avoided. It is at least doubtful that either legislation or court decisions can do more than further complicate such jurisdictional problems.

The suggestion of the court is that Butler Township and the City of Butler negotiate an agreement as to a method of measuring their respective business privilege taxes on the value of the services performed by Dr. Maust within their boundaries. Should the financial officers fail to agree, the issue might be submitted to an impartial arbitrator for a decision. Finally, the taxpayer must consent and accept the joint proposal. The alternative is expensive litigation.

Undoubtedly these municipalities are confronted with similar issues involving other professionals. The conflicts should be resolved without burdening the taxpayer with additional expensive record keeping, reports and judicial proceedings.

## ORDER OF COURT

And now, November 10, 1983, plaintiffs' motion for summary judgment is denied.

It is ordered that a jury trial be scheduled on the issue of the amount of business privilege tax owed by Paul E. Maust to the City of Butler and the Township of Butler, based on the gross income of Paul E. Maust from the services rendered within the particular municipality.