511 A.2d 255

G.A. & F.C. Wagman, Inc., Appellant *v.* Manchester Township, Appellee.

Argued May 13, 1986, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge ROGERS, sitting as a panel of three.

*Neal S. West,* with him, *John S. Oyler, McNees, Wallace & Nurick,* for appellant.

*David C. Keiter, Seidensticker, Keiter, Tarlow & Baughman, P.C.,* for appellee.

OPINION BY SENIOR JUDGE ROGERS, June 18, 1986:

G.A. & F.C. Wagman, Inc. (Wagman) has appealed from that portion of an order of the Court of Common Pleas of York County which upholds Business Privilege

Tax Ordinance No. 78-15, of Manchester Township (Township), purporting to tax Wagman's gross receipts from intrastate business outside the Township and denies Wagman's claim for refund of such taxes paid on account of intrastate business outside the Township.[1]

Wagman is a Pennsylvania corporation with its principal place of business, including its corporate headquarters and home office, in the Township. Wagman is engaged in the business of heavy highway construction in the Mid-Atlantic states. A majority of its business since 1979 has been performed outside the Township.

On January 1, 1979, the Township imposed a business privilege tax at the rate of one mill on each dollar of volume of the gross annual receipts of every person engaging in any business in the Township. In 1979, Wagman paid $22,208.25 in taxes based on gross receipts of its interstate and intrastate services; in 1980 it paid $32,430.42 based on in-state and out-of-state services; in 1981, Wagman paid $12,135.00, attributable solely to intrastate services.

In March 1982, Wagman requested a refund of taxes it had paid to the Township in 1979 and 1980 in the amount of $54,448.73; its refund claim was denied. Wagman then brought a declaratory judgment action seeking a declaration that it was not required to pay the Township's Business Privilege Tax on gross receipts generated by services performed outside of Pennsylvania or services performed within Pennsylvania but outside the Township and that it was entitled to a refund for taxes erroneously paid for the tax years 1979, 1980, and 1981 in the amount of $66,583.72. The common pleas court

---

[1] The township has not appealed that portion of the common pleas court's order granting Wagman a refund of taxes attributable to business done in states other than the Commonwealth of Pennsylvania.

held that the Township's Business Privilege Tax Ordinance was valid and enforceable as it applied to Wagman's intrastate receipts for work outside the Township but that the ordinance was not applicable to interstate receipts. The court held that Wagman was entitled to a refund of $43,553, representing amounts paid in 1979 and 1980 attributable to interstate gross receipts. The Township has not appealed. Wagman filed exceptions to that portion of the order upholding the Business Privilege Tax Ordinance as it applied to its intrastate receipts. The exceptions were dismissed and this appeal followed.

Wagman contends that the Township's Business Privilege Tax imposed on receipts from work performed or services rendered within Pennsylvania but without the Township exceeds the Township's taxing authority.

Section 2 of the Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §6902, provides that certain "political subdivisions . . . may . . . by ordinance . . . levy . . . such taxes as they shall determine on persons, transactions, occupations, privileges, and upon the transfer of real property within the limits of such political subdivisions. . . ." Pursuant to Section 2 of the Local Tax Enabling Act, the Township has enacted Business Privilege Tax Ordinance No. 78-15. Section 103 of that ordinance provides that "every person engaging in any business in the Township of Manchester shall pay an annual tax at the rate of one (1) mill on each dollar of volume of the gross annual receipts thereto." The ordinance in Section 102(f) defines gross receipts as "cash, credits, property of any kind or nature, received in or allocable or attributable to the Township of Manchester from any business . . . or services rendered . . . or commercial or business transaction had within the Township of Manchester. . . ." Section 102(c)(1) of the ordinance defines business as follows:

[C]arrying on or exercising whether for gain or profit or otherwise within the Township of Manchester any trade, business, including but not limited to financial business . . . , profession, vocation, service, construction, communication or commercial activity, or making sales to persons or rendered services from or attributable to a Manchester Township office or place of business.

We have previously interpreted a similar business privilege tax ordinance in *Gilberti v. City of Pittsburgh,* 89 Pa. Commonwealth Ct. 541, 493 A.2d 137 (1985).[2] In *Gilberti,* the taxpayer appealed a deficiency assessment against him on the ground that the city lacked power to impose a business privilege tax on gross receipts arising from services performed in Pennsylvania, but outside the city. The city's code in that case defined business as, among other things, "rendering services from or attributable to a bona fide City office or place of business." We declared that portion of the code to be invalid as applied to gross receipts from services rendered outside the city limits. We find *Gilberti* to be indistinguishable from the situation in the present case.

*Gilberti* was preceded by *Borough of Brookhaven v. Century 21,* 57 Pa. Commonwealth Ct. 211, 425 A.2d 466 (1981). In *Brookhaven,* the ordinance imposed a business privilege tax on receipts from services, "whether or not the services are performed in the Borough of Brookhaven." We found that the borough intended to tax services performed outside its boundaries; but we concluded that since the Local Tax Enabling Act authorizes the imposition of a tax on privileges within

---

[2] On October 22, 1985, the Supreme Court granted the City of Pittsburgh's petition for allowance of an appeal at *Gilberti v. City of Pittsburgh,* 508 Pa. 607, 499 A.2d 579 (1985). The parties to this appeal have asked us to decide this case in due course.

the limits of the municipality, services performed outside the borough could not be taxed. The writer of this opinion filed a dissent in *Brookhaven* and continues to entertain the views set out therein; but the law is that expressed in *Gilberti* and *Brookhaven*.

The Township claims that this matter is governed by *O.H. Martin Company v. Sharpsburg Borough*, 376 Pa. 242, 102 A.2d 125 (1954), and that that case stands for the proposition that the Township can tax gross receipts on services performed outside the Township limits. In *O.H. Martin*, a corporation challenged the validity of a borough's ordinance which imposed a business privilege tax on "all persons offering any service . . . to the general public . . . from places . . . within the Borough" on the ground that the ordinance unlawfully attempted to tax receipts from interstate commerce. The Supreme Court agreed and held that the borough could not tax receipts generated by interstate business. The corporation, however, did not challenge the authority of the borough to tax transactions within the state but without the borough, and that issue, therefore, was not before the court. Hence, *O.H. Martin* is not controlling or indeed persuasive.

In light of this court's decisions in *Gilberti* and *Brookhaven*, we are therefore constrained to hold that the Township's Business Privilege Tax Ordinance No. 78-15, to the extent it imposes a tax on gross receipts generated by services performed outside the township, is an invalid extension of the Township's power to tax transactions, occupations, and privileges under Section 2 of the Local Tax Enabling Act.[3]

The order below appealed from, insofar as it upheld the Township's authority to tax Wagman's gross receipts

---

[3] Our decision makes it unnecessary to discuss Wagman's constitutional attacks based upon the commerce and due process clauses of the United States Constitution.

from intrastate business conducted outside the Township and denied Wagman's claim for refund of such taxes, is reversed.

ORDER

AND NOW, this 18th day of June, 1986, that portion of the order of the Court of Common Pleas of York County in the above-captioned matter upholding Manchester Township's authority to tax G.A. & F.C. Wagman, Inc.'s gross receipts from intrastate business conducted outside Manchester Township and denying its claim for refund is reversed.