## City of Washington v. Washington & Jefferson College

*J. Patrick Smider,* for plaintiff.
*Howard E. Goldfarb,* for defendant.

GILMORE, *J.,* June 15, 1995—This matter is before the court on preliminary objections demurring to the complaint which seeks recovery of certain "service

fees" it alleges are due under City of Washington ordinance number 1460. The ordinance provides that the owners of real estate tax-exempt properties must pay service fees for police and fire services performed on their properties.

The defendant advances three arguments that these service fees are illegal and uncollectible. First, defendant argues that the ordinance is an illegal tax ordinance, not authorized by statute. Second, the ordinance violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and finally, the defendant is not subject to the ordinance.

The thrust of the defendant's first argument is that the "service fee" is actually a tax masquerading as a fee with an inappropriate label given to it merely to avoid the problem presented by enacting such a tax. The United States Court of Appeals for the 6th Circuit held that "a tax is an enaction for the public purposes while a fee relates to an individual privilege to the payer." *United States v. River Coal,* 748 F.2d 1103, 1106 (1984). Moreover, a fee "bestows a benefit on the applicant not shared by other members of society." *Id.* at 1106. The ordinance in question does not provide tax-exempt institutions with any benefit not shared by "other members of society." Police and fire services are available to all members of society. Not only the tax-exempt institutions, but the public in general will benefit from the increased funds of the police and fire departments if such a fee were paid.

The Pennsylvania Supreme Court and Superior Courts have stated that if an ordinance is for the purpose of raising revenue, it is actually an assessment of taxes.

*Olan Mills Inc. v. Sharon,* 371 Pa. 609, 92 A.2d 222 (1952); *Flynn v. Horst,* 356 Pa. 20, 51 A.2d 54 (1947). The ordinance in the instant case states that "city is no longer in a financial position to provide these services (fire and police), free of charge, to those entities which do not pay any real estate taxes." This language indicates that the city no longer has the financial capabilities to provide these resources and must search for the revenue to continue their provision. This ordinance attempts to raise additional revenue thereby creating a tax.

Given that the ordinance is a tax, the question now becomes can a city tax a group exempt from real estate taxes for the purpose of paying for their police and fire department services? Third class cities have no powers of taxation except those delegated by the legislature. "Subject to constitutional [provisions], the elementary premise is that the power to tax [rests] exclusively [with] the legislature; it may by express direction delegate segments of the taxing power to municipal bodies, whose exercise thereof is confined to the power so delegated." *City of Allentown v. Personal Finance Co.,* 42 D.&C. 680, 683 (1941).

The Third Class City Code, 53 P.S. §37531, dictates that a city may levy and collect taxes for general revenue purposes . . . on all persons and property taxable according to the laws of the Commonwealth for county purposes. Second, the city may tax for the payment of interest on bonded indebtedness and for sinking funds for the payment of loans. A residence tax for general revenue purposes may be enacted. Finally, the city council may tax for city purposes all real estate classified as land.

The legislature also empowers the city to tax pursuant to the Local Tax Enabling Act or "Tax Anything Act,"

53 P.S. §6902. Despite its popular title, this Act carries with it various limitations. The city may levy and collect taxes for general revenue purposes only on "persons, transactions, occupations, privileges, subjects, personal property, transfer of real property and interest in real property." These powers to tax are further limited by various restrictions enumerated in the Act.

It is notable that these acts say nothing about the city's power to levy a tax for police and fire services. Plaintiff would appear to argue that this power is implied in the above statutes, but "[i]t is well settled that taxing statutes are strictly construed; in cases of doubt the construction should be against the government." *Borough of Brookhaven v. Century 21,* 57 Pa. Commw. 211, 214, 425 A.2d 466, 467 (1981). Furthermore, a tax law cannot be extended by construction to those things not described as the subject of taxation. *Commonwealth v. Philadelphia Rapid Transit Co.,* 287 Pa. 190, 196, 134 A. 455 (1926). It is evident from the language of the aforementioned statutes that the power to tax for police and fire services is not a subject of taxation authority. This ordinance does not tax for "general revenue" but for the increased revenue of the fire and police departments.

The plaintiff further claims to find the power to raise revenue, *i.e.,* tax, in 53 P.S. §37402(60). The city may "make and adopt all such ordinances . . . as may be expedient or necessary for the proper management, care and control of the city and its finances." However, this language is limited by the phrase "not inconsistent with or restrained by the Constitution and laws of this Commonwealth." The plaintiff purports to find sweeping powers in this section of the Act. Such a reading

is clearly inconsistent with the Pennsylvania courts' interpretation of the municipalities' authority to tax. Pennsylvania has adopted strict limitations as to municipal powers being implied in or incident to powers expressly granted. *Warner Cable Communications Inc. v. Borough of Schuylkill Haven,* 784 F. Supp. 203 (E.D. Pa. 1992).

The structure of this statute denies the construction given to it by the plaintiff. In general, the powers given to the city generally revolve around appropriating money and not raising money. Specifically, the only mention of raising money concerns the collection of "reasonable fees and charges" for the collection of garbage. 53 P.S. §37403(60). If 53 P.S. §37403(60)'s true purpose is to raise revenue, one would expect to find it in the statutes concerning taxation. Finally, the plaintiff is unable to present any persuasive authority upholding his construction of the statute.

The court can appreciate the plight of the city and other municipal governments with significant numbers of tax-exempt properties. The solution, however, lies with the legislature which appears to be moving in the opposite direction. Therefore, this court concludes that the ordinance is an unlawful exercise of authority by the City of Washington and should be overturned. As a result, this court does not feel the need to examine the defendant's final two arguments.

## ORDER

And now, June 15, 1995, pursuant to the foregoing opinion, it is hereby ordered and decreed that the defendant's preliminary objection is sustained and the plaintiff's complaint is dismissed.